935 F.2d 269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald CRENSHAW, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 90-3791.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1991.
 
 1
 Before KENNEDY, BOYCE F. MARTIN, Jr. and SUHRHEINRICH Circuit Judges.
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. He has filed a motion for leave to proceed in forma pauperis on the appeal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a bench trial, Donald Crenshaw was convicted on two counts of receiving stolen property and five counts of trafficking in drugs. He was sentenced to consecutive terms on each count totaling eighteen to sixty-five years imprisonment.
 
 
 4
 On direct appeal, Crenshaw argued that certain evidence was gained through an unconstitutional search and seizure and that the conviction was against the manifest weight of the evidence. The conviction was affirmed by the Court of Appeals for the First Appellate District. The Ohio Supreme Court denied Crenshaw's motion for leave to appeal the decision of the court of appeals.
 
 
 5
 In his first motion for post-conviction relief, Crenshaw claimed that the imposition of consecutive sentences violated constitutional protections against double jeopardy. The trial court found that the claim should have been raised on direct appeal and denied the motion. On appeal, the trial court's judgment was affirmed.
 
 
 6
 Crenshaw filed a second motion for post-conviction relief. He again argued that the convictions for multiple counts of trafficking and receiving stolen property should have resulted in a single sentence and not separate, consecutive sentences. He also asserted a claim of ineffective assistance of counsel. The petition for post-conviction relief was denied on grounds of res judicata. The denial was affirmed on appeal, and the Ohio Supreme Court dismissed his motion for leave to appeal.
 
 
 7
 In his application for habeas relief, Crenshaw raised four grounds for relief: (1) that the conviction was obtained in violation of the protection against double jeopardy; (2) that the trial court failed to make a finding on the record that the offenses were of similar import; (3) that his counsel was ineffective; and (4) that he was denied equal protection of law.
 
 
 8
 On appeal, Crenshaw asserts two assignments of error. He maintains that the imposition of consecutive sentences was contrary to state law and violated constitutional protections against double jeopardy. He also contends that he was denied effective assistance of counsel both at trial and on appeal when counsel failed to object to multiple sentencing or to raise the issue of ineffective assistance for this failure on appeal.
 
 
 9
 Upon review, we conclude that the petition was properly dismissed. Crenshaw's claims of a double jeopardy violation and of ineffective assistance of counsel lack merit. The imposition of consecutive sentences for separate offenses does not implicate a double jeopardy violation. Additionally, Crenshaw failed to show counsel's performance was deficient or prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 10
 Accordingly, the motion for leave to proceed in forma pauperis is granted. The district court's judgment dismissing the petition is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.